UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS DIAZ,

Plaintiff,

-against-

THE CITY OF MOUNT VERNON,

Defendant.

**OPINION & ORDER**

25-CV-05381 (PMH)

PHILIP M. HALPERN, United States District Judge:

Carlos Diaz ("Plaintiff") commenced this action on June 27, 2025, asserting claims against the City of Mount Vernon ("Defendant") for disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"). (Doc. 1, "Compl.").

Pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 18).[1] Plaintiff opposed Defendant's motion (Doc. 19), and the motion was fully submitted with the filing of Defendant's reply (Doc. 20).

For the reasons set forth below, Defendant's motion to dismiss is DENIED.

## BACKGROUND

Plaintiff is a veteran who served in the Iraq War. (Compl. ¶ 1). As a result of his military service, Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"). (*Id.*). Plaintiff commenced employment as the Director of Veteran Services for Defendant on September 8, 2022. (*Id.* ¶ 2). His onboarding package expressly asked if Plaintiff was a Veteran and if so, to choose what type, *i.e.*, Non-Disabled or Disabled Veteran. (*Id.* ¶ 14). Plaintiff selected Disabled Veteran

[1] Defendant failed to file a notice of motion as is required by Fed. R. Civ. P. 7 and Rule 7.1(a)(1) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (effective Jan. 2, 2026). That failure is, in and of itself, a reason to deny Defendant's motion. However, in the exercise of discretion the Court will consider the merits of Defendant's motion to dismiss.

and also disclosed his PTSD diagnosis during the background check. (*Id.* ¶¶ 14, 15). Defendant's Chief of Staff and Plaintiff's manager, Kristyn Reed, knew about Plaintiff's disability at the time she hired him. (*Id.* ¶ 16).

During the week of June 26, 2023, Plaintiff requested time off in writing for his PTSD screening on Thursday, June 29, 2023, and a colonoscopy on Friday, June 30, 2023. (*Id.* ¶ 23). Plaintiff exchanged emails with Ms. Reed requesting time off for his medical appointments. (*Id.*). On the following Monday July 3, 2023, Plaintiff woke up with extreme back pain, went to the emergency room, and was diagnosed with a kidney stone. (*Id.* ¶ 26). Plaintiff advised Defendant by email that he was in the hospital and had been prescribed two days bed rest. (*Id.*).

Ms. Reed responded by chastising Plaintiff for taking off work the previous Thursday and Friday for medical screenings, stating that she had not authorized this, and that taking leave for medical appointments was "unfathomable." (*Id.* ¶ 27). Plaintiff was terminated upon his return to work on July 5, 2023. (*Id.* ¶ 28). When asked why, Ms. Reed stated "I told you in the emails." (*Id.*). Plaintiff alleges that despite Defendant's knowledge of his disability, it failed to provide him the reasonable accommodation of use of three allotted sick days for a PTSD screening followed by an emergency hospitalization. (*Id.* ¶ 30).

Defendant has offered shifting reasons for the termination and its position on Plaintiff's allegations of disability discrimination: first, that it was not aware of Plaintiff's disability and could not be liable for disability discrimination; upon receipt of evidence that it was made aware of his disability, it took the position that Plaintiff did not request any reasonable accommodation; upon receipt of evidence that he had requested to use his sick days as a reasonable accommodation, Defendant then maintained that Plaintiff had poor job performance; and finally that Plaintiff had failed to properly log out of the payroll system each day. (*Id.* ¶¶ 32-35). Plaintiff has never received

a performance review and otherwise went above and beyond his job responsibilities. (*Id.* ¶¶ 34, 50; *id*. ¶¶ 37-50). Further, any failure to properly record his time in the payroll system was of no moment because Plaintiff's position was an exempt, salaried position rendering it unnecessary to log out of the payroll system for payroll purposes. (*Id.* ¶ 35).

Plaintiff received, on or around June 11, 2025, a "Notice of Right to Sue" from the EEOC. (*Id.* ¶ 10). This litigation followed.

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Defendant argues that Plaintiff's disability discrimination claims fail because there are insufficient allegations supporting a connection between his disability and the alleged adverse employment action. It also argues that the same actor inference undermines any inference of discriminatory animus.

### I. First Claim for Relief: ADA

The elements of a discrimination claim under the ADA are: "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by his employer; (3) he was otherwise qualified to perform the essential functions of the job with or without accommodation; (4) he suffered an adverse employment action; and (5) the adverse employment action was imposed because of his disability." *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (quoting *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015)).

Defendant takes issue only with the fifth factor, contending the Complaint fails to adequately plead a link between the disability and the employment action because the only purported allegation of discrimination Plaintiff makes is that Ms. Reed chastised him for taking two sick days off from work for medical screenings. (Doc. 18 at 8). Plaintiff alleged, however, that he requested time off in writing for his PTSD disability and used earned sick time for the screening;

that Ms. Reed chastised him for taking off work that day stating that it was "unfathomable"; that he was immediately terminated upon his return to work; and that the reason provided by Ms. Reed for his termination was "I told you in the emails." (Compl. ¶¶ 23-28). A plausible reading of the facts pled suggests that Ms. Reed terminated Plaintiff for taking medical leave to accommodate his disability. *Osby v. City of New York*, 633 F. App'x 12, 13 (2d Cir. 2016) (Plaintiff's pleading sufficiently alleges adverse action taken at least in part for a discriminatory reason by alleging facts "that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

Defendant also argues that the same actor inference forecloses Plaintiff's ADA claim, because Ms. Reed hired him, knowing of his disability, and ultimately was the individual who fired him. (Doc. 18 at 10-11). This inference is better suited to the summary judgment stage, when Defendant may present evidence establishing a non-pretextual, non-discriminatory reason for the adverse action and may invoke the same actor inference. *Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023). The inference should not, however, be used to foreclose claims "at the motion-to-dismiss stage if the plaintiff has otherwise set forth allegations that support a plausible inference of discrimination." *Id.* (citing *Colbert v. FSA Store, Inc.*, No. 19-CV-09828, 2020 WL 1989404, at *4 (S.D.N.Y. Apr. 27, 2020)). Accordingly, dismissal at this stage would be inappropriate.

To the extent that Plaintiff also pleads a claim for failure to accommodate under the ADA, he must demonstrate that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Kurlender v. Ironside Group, Inc.*, No. 18-CV-03839, 2019 WL 1318363, at *5-6 (E.D.N.Y. Jan. 4, 2019); *Natofsky v. City of New York*, 921

F.3d 337, 352 (2d Cir. 2019). The ADA also requires that an employee and employer engage in an "interactive process" by which "employers and employees work together to assess whether an employee's disability can be reasonably accommodated," and failure to engage may indicate a showing of "bad faith" on the non-participating party. *Felix v. New York City Transit Auth.*, 154 F. Supp. 2d 640, 658 (S.D.N.Y. 2001). Defendant argues that Plaintiff fails to state such a claim because there was no objection to his request to take two sick leave days, that he took those sick days, and that he was allowed to take an additional sick day due to a kidney stone. (Doc. 18 at 9). Defendant ignores, however, that although it did not lodge any objection to the advance request, it fired him for taking said leave, arguing after the fact that his leave was not approved and that his use of earned sick days for these medical appointments was "unfathomable." (Compl. ¶ 27). Whether a reasonable accommodation was denied requires factual development of the record and therefore, dismissal of this claim at the pleading stage is likewise inappropriate. *Santos v. City of New York*, No. 01-CV-00120, 2001 WL 1568813, at *6 (S.D.N.Y. Dec. 7, 2001) ("[B]ecause the Complaint contains allegations of both denial and delay in response to [plaintiff's] requests for medical leave, her failure to accommodate claim is not subject to resolution on a motion to dismiss.").

Accordingly, the motion to dismiss the first claim for relief for violation of the ADA is denied.

## II. Second Claim for Relief: NYSHRL

Plaintiff's second claim for relief alleges under the NYSHRL the same theory of disability discrimination as his ADA claim. Because the Court finds that Plaintiff has pled enough to state a claim under the ADA, for the purposes of this motion, Plaintiff has plausibly pled a claim for

disability discrimination under the NYSHRL. *Brikman v. Westchester Med. Ctr. Advanced Physician Servs., P.C.*, No. 23-CV-10749, 2025 WL 2371315, at *13 (S.D.N.Y. Aug. 13, 2025).

Accordingly, Defendant's motion to dismiss Plaintiff's second claim for relief for disability discrimination is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Defendant is directed to file an Answer to the Complaint within 14 days of the issuance of this Opinion & Order. The Clerk of Court is respectfully directed to terminate the motions pending at Doc. 18 and Doc. 19.

**SO ORDERED:**

Dated: White Plains, New York
July 27, 2026

PHILIP M. HALPERN
United States District Judge